UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| STACY A. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | Case No: 5:25-cv-00080-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| SETH YOUNG, *et al.*, | ) | **&** |
| | ) | **ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Plaintiff Stacy Jones's Motion to Remand. [R. 4.] Jones filed this action in Fayette County Circuit Court. [R. 1-1 at 5.] In the Complaint, Jones seeks to recover based on negligence and bad faith resulting from an automobile collision. *Id*. After the Defendants removed the case to federal court, Jones moved to remand. [R. 1; R. 4.] In Jones's Motion to Remand, she argues that there is not complete diversity among the parties, such that this action cannot proceed in federal court. [R. 4 at 3.] The Court disagrees. Accordingly, the Motion to Remand [R. 4] is **DENIED**.

**I**

On December 21, 2022, Defendant Young was involved in a car wreck with Plaintiff Jones.[1] Young was insured by State Farm. Jones alleges that "[a]s a direct and proximate result of the collision, Plaintiff has suffered injuries requiring medical attention." [R. 1-1 at 6.] As a result of the accident, Jones argues that Young was negligent due to his "failure to operate his vehicle with reasonable care." *Id.* Jones also alleges that "State Farm, as the insurer of Young,

---

[1] These facts are taken from the Plaintiff's original Complaint and Amended Complaint at [R. 1-1].

is liable for the actions of its insured under the doctrine of vicarious liability." *Id.* at 7. Last, Jones alleges that "State Farm failed to respond to the settlement demand, engage in good faith negotiations, or make any offer of settlement." *Id.* On February 5, 2025, the Plaintiff filed a Motion for Leave to File an Amended Complaint. [R. 1-1 at 61.] The Plaintiff dropped State Farm from the suit and added Central Mutual Insurance company as a Defendant. *Id.* at 62. On March 17, 2025, Central removed this action to this Court, arguing that Defendant Young was fraudulently joined to destroy diversity. [R. 1 at 5.] The Plaintiff has now filed a Motion to Remand. [R. 4.] The matter having been fully briefed is now ripe for review.

**II**

Unless specifically prohibited by Congress, a case filed in state court can be removed to federal court if a United States district court would have original jurisdiction over the action. 28 U.S.C. § 1441(a). District courts have original jurisdiction over civil actions where the amount in controversy is greater than $75,000 and the litigation is between citizens of different states. *Id.* § 1332(a)(1). To remove a case, a defendant must file a notice of removal within thirty days of receipt of the complaint. U.S.C. § 1446(b)(1). In this case, however, the Plaintiff disputes that there is complete diversity. [R. 4 at 3.]

A Court considers whether federal jurisdiction existed at the time of removal. *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996). Because federal courts are courts of limited jurisdiction, any doubts regarding federal jurisdiction should be construed in favor of remanding the case to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941); *Cole v. Great Atlantic & Pacific Tea Co.*, 728 F. Supp. 1305, 1307 (E.D. Ky. 1990) (citations omitted). The defendant bears the burden of showing that removal was proper. *Fenger v. Idexx Laboratories*, 194 F. Supp. 2d 601, 602 (E.D. Ky. 2002) (citations omitted).

The Complaint on its face does not satisfy the complete diversity requirement of 28 U.S.C. § 1332.  Plaintiff Jones is a resident of Kentucky. [R. 1-1 at 5.]  Defendant Central Mutual Insurance Company has its principal place of business in Ohio.  *Id.* at 65.  Defendant Young is a resident of Kentucky, which potentially precludes complete diversity in this matter.  *Id.*  Regardless of whether the case is remanded or remains before this Court on the basis of diversity jurisdiction, Kentucky is the forum state, and its substantive law will be followed.  *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 526 (6th Cir. 2006).  So long as the case remains in federal court, federal procedural law will govern as applicable, including in establishing the appropriate standards for fraudulent joinder and dismissal.  *Weaver v. Caldwell Tanks, Inc.*, 190 F. App'x 404, 408 (6th Cir. 2006).

Defendants contend that Seth Young was fraudulently joined and that his citizenship should therefore be ignored when determining whether diversity jurisdiction is present.  [R. 4.]  Fraudulent joinder is a "judicially created doctrine that provides an exception to the requirement of complete diversity."  *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) (quoting *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998)).  "The primary purpose of fraudulent joinder is to ensure that plaintiffs do not avoid diversity jurisdiction by pleading illegitimate claims involving non-diverse parties."  *Taco Bell Corp. v. Dairy Farmers of Am., Inc.*, 727 F. Supp. 2d 604, 607 (W.D. Ky. 2010).  This doctrine is used by courts "when the non-removing party joins a party against whom there is no colorable cause of action."  *Saginaw Hous. Comm'n v. Bannum, Inc.*, 576 F.3d 620, 624 (6th Cir. 2009).  If the Plaintiff's claim has no hope of success, then the "fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds."  *Id.* at 624 (quoting *Coyne*, 183 F.3d at 493).

Central Mutual Insurance Company, the removing party, bears the burden of proving

3

fraudulent joinder and must "present sufficient evidence that [the Plaintiff] could not have established a cause of action against [Seth Young] under state law." *Coyne,* 183 F.3d at 493. Any contested issues of fact or ambiguities in state law should be construed in the non-removing party's favor. *Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 953 (6th Cir. 2011); *see also Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). Indeed, if Plaintiff's claims against Young have "even a 'glimmer of hope,' there is no fraudulent joinder." *Murriel-Don Coal Co. v. Aspen Ins. UK*, 790 F. Supp. 2d 590, 597 (E.D. Ky. 2011) (citation omitted).

### A

"[R]emovability is governed by the 'voluntary/involuntary rule.'" *People of State of Cal. By & Through Lungren v. Keating*, 986 F.2d 346, 348 (9th Cir. 1993). This "rule provides that a suit which, at the time of filing, could not have been brought in federal court must 'remain in state court unless a "voluntary" act of the plaintiff brings about a change that renders the case removable.'" *Id.* (quoting *Self v. General Motors*, 588 F.2d 655, 657 (9th Cir. 1978)). Courts have found that a signed settlement agreement between a plaintiff and the nondiverse defendant constitutes a voluntary act of a plaintiff sufficient to put the diverse defendant on notice that a case has become removable. *See Fernando Garcia v. MVT Servs., Inc.*, 589 F. Supp. 2d 797, 803-04 (W.D. Tex. 2008) ("The receipt by Defendant of a settlement agreement between Plaintiffs and the nondiverse defendant, which the Plaintiffs signed and had notarized, is a 'voluntary act by the plaintiff which gives the defendant notice of the changed circumstances which now support federal jurisdiction' and does not represent merely 'subjective knowledge' on behalf of Defendant MVT Services."). Here, there was a signed Settlement Agreement, agreeing to dismiss Defendant Young with prejudice, which the Court finds is sufficient to put Central on notice that the action has become removable.

Section 1446(b) allows for removal of a case that was not initially removable within 30 days after Defendant receives "a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b).  According to the Settlement Agreement, the Parties reached an agreement on December 30, 2024 [R. 1-3 at 3], but the Defendant did not file a notice of removal until March 17, 2025.   Presumably, the Settlement Agreement would have been the Defendant's first notice that this action was removable.  However, Central was not yet a party to this suit at that point.  Defendant Central was officially named party in this action on February 21, 2025, when Plaintiff Jones filed an Amended Complaint.  [R. 1 at 2; R. 1-1 at 61.]  The removal action was filed on March 17, 2025.  [R. 1].  The Court finds that February 21, 2025, is when the 30-day clock under Section 1446(b)(3) started ticking and the Defendant filed the notice of removal on March 17, 2025, which is within the 30-day window.

**B**

Jones next argues that "Central did not secure Young's consent" when they removed the action. [R. 4 at 4.]  In the Agreed Order of Dismissal, Plaintiff Jones agreed to dismiss all claims asserted, or that could have been asserted against Young with prejudice.  [R. 4-1 at 1.]  The Defendant does not contend that there has been "outright fraud" in joining Seth Young.  Rather, Central argues that it is impossible for Plaintiff to recover on her claims against Young because he has been dismissed with prejudice.  [R. 1 at 3.]  A finding of fraudulent joinder occurs when there is "no real intention in good faith to prosecute the action against the defendant."  *Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009).  According to the record, settlement between Young and Jones was reached on December 30, 2024 [R. 1-3 at 3] and Young was officially removed as a party on March 18, 2025.  [R. 4-1 at 1.]  Jones filed an Amended Complaint in February 2025.

5

[R. 1-1 at 3.]

The Court finds it strange that Young remained a party in the Amended Complaint after a Settlement Agreement was executed, and even stranger that the Plaintiff is arguing that Young remains a legitimate party in this suit today.  Young has been dismissed with prejudice from this suit.  While Central filed their Notice of Removal one day prior to Young officially being dismissed from this action, other courts have allowed for removal prior to entry by the state court of a final dismissal order of a non-diverse defendant.  *See Chohlis v. Cessna Aircraft Co.*, 760 F.2d 901, 903 n.2 (8th Cir. 1985) (finding that a settlement between plaintiff and non-diverse party was sufficiently final to support removal, although the nondiverse party had not been adequately severed from the state court suit at the time of removal); *Ratcliff v. Fibreboard Corp.*, 819 F. Supp. 584, 587 (W.D. Tex. 1992) ("A settlement between a plaintiff and the non-diverse defendant is final enough to support removal, even if the non-diverse defendant has not been severed from the case.").  In the Settlement Agreement, the Parties agreed "[o]n or about December 30, 2024, the . . . settlement as to all of Jones' claims against the Released Parties," which included Defendant Young. [R. 1-3 at 3.]  The Court finds that the settlement between Young and Jones was sufficiently final enough to support removal without Central having to get Young's consent.

C

Last, Jones argues that the "one-year limit expired March 18, 2025, from commencement on March 18, 2024." [R. 4 at 4.]  The action was removed on March 17, 2025, which is within the one-year limit.  The Plaintiff's seemingly last-ditch argument is entirely unsupported by the record.  Moreover, because Defendant Central was not named a party until February 21, 2025, they had "30 days from the date of [*their*] service to remove a case." *Brierly v. Alusuisse*

*Flexible Packaging, Inc.*, 184 F.3d 527, 533 (6th Cir. 1999) (emphasis added).  Thus, Central's removal request was timely.

### III

Accordingly, the Court being sufficiently advised, it is hereby **ORDERED** that the Plaintiff's Motion to Remand [**R. 4**] is **DENIED**;

This the 22nd day of April, 2025.

Gregory F. Van Tatenhove
United States District Judge